The demurrer raises the question whether an action can be maintained against a county, eo nomine, upon such a claim, which has been submitted to audit, and has been audited and allowed in part and rejected in part. In Kennedy v. Queens Co., 47 App. Div. 250, 62 N. Y. Supp. 276, we held that a claimant, such as the plaintiff therein was, had his option of two remedies,—either audit and voluntary payment, and, if necessary, compulsory audit by mandamus or review of the proceedings of audit by certiorari, or an action directly against the county. This was quite different from holding that a claimant on quantum meruit, having exercised his option of remedies by selecting the remedy of audit, can disregard and reject the audit, which merely reduces his valuation of his personal services, and allows therefor a sum which the auditing authority declares to be the proper valuation, and can sue the county for the entire amount of his claim. Yet that is what the plaintiff demands by the present action. We distinctly held in People v. Westchester Co., 57 App. Div. 135, 67 N. Y. Supp. 981, following People v. Board of Apportionment and Audit, 52 N. Y. 224, and People v. Barnes, 114 N. Y. 317, 20 N. E. 609, 21 N. E. 739, that where an auditing board has received a claim, and acted by allowance in part and rejection in part, there was an audit, and that this act was final. That was a case where there were items of an account, some of which were rejected and some allowed. The present action is still stronger, as each item of an entire claim for personal services was audited and allowed, but the amount of each item was reduced. Such an audit is final, and reviewable only by certiorari, and the plaintiff, having elected an audit as his remedy, cannot thereafter maintain his action as if no audit had been had. The demurrer was properly sustained, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(34 Misc. Rep. 523.)

### HAAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. April 16, 1901.)

1. EVIDENCE—EXPERT TESTIMONY—SUFFICIENT FOUNDATION.
   In an action for damages for injuries to a wagon, where it was shown that plaintiff had bought four wagons, and sold some, during eight years devoted to a business which required continual use of a wagon, there was sufficient proof that he possessed knowledge of the value of wagons, so that his opinion as to the value of the wagon injured was admissible as expert testimony.

2. SAME—VALUE OF WAGON—OPINION OF WHEELWRIGHT—HEARSAY.
   In an action to recover damages for injuries to a wagon, evidence that a wheelwright told plaintiff that the wagon could not be repaired was not objectionable as hearsay, but was competent proof of a material fact, when introduced for the purpose of showing that plaintiff did not act improvidently in selling the wagon for a nominal sum.

Appeal from municipal court of city of New York, Fifth district.

Action by David Haan against the Metropolitan Street-Railway Company. From a judgment of the New York Fifth district municipal court in favor of plaintiff, defendant appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-TRITT, JJ.

G. Glenn Worden, for appellant.

David W. Rockmore, for respondent.

BISCHOFF, P. J.   The single question presented upon this appeal relates to the sufficiency of the evidence given to prove the amount of damage sustained by the plaintiff through the injury caused to his wagon by the collision described.   The defendant adduced no proof upon the subject, and there is therefore no question as to the weight of evidence touching this point, if the plaintiff's evidence is to be viewed as sufficient in law to support the recovery.   Evidence of the price paid for the wagon was some proof of its value, if fortified by other evidence of the reasonableness of the payment, and, to show the reasonable value, the plaintiff was permitted to give his opinion, after preliminary proof to the effect that he had bought four wagons, and had sold some, during eight years devoted to a business which called for the continual use of a wagon.   We cannot say, as matter of law, that this preliminary proof was insufficient to show the possession of some actual knowledge by the plaintiff as to the value of wagons of this kind, and the reception of his opinion cannot be viewed as erroneous under the circumstances.   Haas v. Green, 7 Misc. Rep. 180, 27 N. Y. Supp. 347.   Cross-examination might have weakened this prima facie proof, and better expert opinion might have overthrown it; but, upon the state of the record, we must hold that the justice's finding of damage is unassailable.

There was no error in the refusal to strike out the plaintiff's testimony as to what had been told him by the wheelwright when inspecting the wagon with a view to repairs.   The fact that the wheelwright advised the plaintiff that the wagon could not be repaired was some evidence that he did not act improvidently or carelessly when selling it for a nominal sum.   In this aspect the evidence was not hearsay, but proof of a fact, and we cannot assume that the justice gave it consideration to any greater extent than it was competent.

Judgment affirmed, with costs.   All concur.